### J. B. JAMESON *v.* B. F. JAMESON'S ADMR.

March 14, 1872.

APPEAL FROM EDMONSON CIRCUIT COURT.

**Homestead—Act Exempting Homestead—Prior Debts.**
     A homestead is not exempt from execution for debts created prior to June, 1866.

**Same—Prior Lien On Land Other than the Homestead Created by Levy of Execution.**
     Where prior liens on land outside of the homestead have been created by levy of execution, there is no equitable principle by which these liens in favor of subsequent creditors can be made subordinate to antecedent debts.

Opinion of the Court by Judge Pryor:

The executions in favor of Neeter, Otter & Son, and Lawlers, and the attachment in favor of Greer, were all levied on the two tracts of land in Edmonson County, one tract containing about ninety-eight acres and the other forty acres.

The appellant resided on the forty acres previous to the passage of the Act of June, 1866, exempting homestead from execution, and has so continued to reside since that time.

These prior liens on the land, outside of the homestead, were created by an actual levy of the executions and the attachment in favor of Greer and others, and although the debts due Jameson's Admr., Terry, Wheat & Co. and others were created previous to June, 1866, there is no equitable principle by which these liens created in favor of subsequent creditors are made subordinate to antecedent debts, when no liens prior in date exist, whilst the creditor with his debt in existence previous to the passage of the homestead law may subject it to the payment of his debt; then if a subsequent creditor levies his execution or attachment on land not a part of the homestead, his lien will be enforced for the reason that it is as much liable for the one debt as the other, and this court will not divest him of that lien in favor of the antecedent creditor who has no lien in order to protect the homestead.

These liens having been first created in favor of subsequent creditors upon land other than the homestead, it was proper first to sell this land to satisfy these debts, and the antecedent creditors (those existing prior to June, 1866) had a right to subject the homestead to the payment of their debts, for the reason that there was no other property out of which they could be satisfied.

The judgment of the court below must, therefore, be *affirmed.*

*Smith, B. Lawlers, for appellant.*